UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| EDDIE JAMES WILLIAMS, SR.,et al., | ) | CASE NO.  4:10CV0799 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | JUDGE DAVID D. DOWD, JR. |
| | ) | |
| | ) | |
| TOM SLEMMER, CEO, | ) | MEMORANDUM OPINION |
| NATIONAL CHURCH RESID..et al., | ) | |
| | ) | |
| Defendants. | ) | |

        Pro se plaintiffs Eddie James Williams, Sr., Mary F. Williams (hereinafter "the

Williamses") and E.W.'s Hopeful Out Reach Ministries Inc.[1] filed the above-captioned in forma

pauperis complaint against Tom Slemmer, CEO of National Church Residences, National Church

---

        [1]While parties may plead and conduct their own cases personally or by counsel as, by the
rules of federal courts, 28 U.S.C. § 1654, the rule in the Sixth Circuit is that a corporation
cannot appear in federal court except through an attorney. Ginger v. Cohn, 426 F.2d 1385,
1386 (6th Cir.1970); United States v. 9.19 Acres of Land, 416 F.2d 1244, 1245 (6th Cir.1969).
Therefore, this Court does not recognize E.W.'s Hopeful Out Reach Ministries Inc., as it
appears the corporation is not represented by counsel.

(4:10 CV 799)

Residences and Tod's Crossing Senior Apartment Complex and its current management.  The Williamses complain Mr. Slemmer is violating Title VI of the Civil Rights Act, the Americans with Disability Act (ADA), Housing and Urban Development (HUD) Guidelines and the Fair Housing Act (FHA).  They seek an order directing defendants to operate in full compliance with the ADA, HUD, pay tenants rent subsidies over the next 8 years, pay $95,344.00 to each individual listed in the complaint, hire security guards, allow  tenants to withhold rent until the defendants are "in compliance," investigate where funds to rebuild the facility were actually allocated and issue a "cease and desist order against the defendants, on all management owners, which as a result of these acts, and or actions DID discriminated [sic] against each tenant in this complex of color."  (Compl. at 7.)  On May 1, 2010, the defendants filed an Answer and Counterclaim to plaintiffs' complaint alleging they owe a debt of $1,985.00, as of April 1, 2010, in unpaid rent.  For the reasons set forth below, the complaint and counterclaim are dismissed.

*Background*

The Williamses are residents in the Tod's Crossing Senior Apartment Complex in Warren, Ohio.  The complex is owned and operated by National Church Residence in Columbus, Ohio.  At the time the Williamses moved into their apartment "it was in full legal compliance with the A.D.A., HUD guidelines."  (Compl. at 1.)  Since that time, plaintiffs assert there are "[m]any gross and apparent violations of Title VI of the Civil Rights Act of 1964." (Compl. at 1.)

A careful reading of the complaint reveals a running dispute between the Williamses and defendants regarding the level of security plaintiffs can allegedly afford and what

-2-

(4:10 CV 799)

constitutes meaningful security.  One chief concern is a perimeter fence on the property that was

allegedly removed.  Plaintiffs maintains the lack of fenced off perimeter leaves them vulnerable

to theft and burglary and violates the 42 U.S.C. §§3607(b)(2)(C) and 2000d-4a.  Moreover, while

"[m]any can ill afford medications," they are allegedly asked to pay for "security features which

offer little or no response for law enforcement. Due to other priority calls keep [sic] law

enforcement busy . . . [h]ence many don't call because they know when the police come, if they

come, it's to [sic] late."  (Compl. at 4.)

       The Williamses allege further that management for Tod's Crossing has treated

them with disrespect and "displayed open racism or are Racist in their acts, action [sic] toward

tenants who complain and are humiliated, defamed and threatened here."  (Compl. at 5.)  They

state further that they can "prove that many African Americans who live here are referred to a

[sic] (useless nigger's) spoken down too [sic] and subject to adverse treatment as a result talked

about or are threatened in a similar manner . . . or they are evicted because they complain."

(Compl. at 5.)

*Standard of Review*

       Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S.

364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which

relief can be granted, or if it lacks an arguable basis in law or fact.[2]  Neitzke v. Williams, 490

---

[2]    A claim may be dismissed sua sponte, without prior notice to the plaintiff and without
service of process on the defendant, if the court explicitly states that it is invoking section

(continued...)

-3-

(4:10 CV 799)

U.S. 319 (1989); <u>Lawler v. Marshall</u>, 898 F.2d 1196 (6th Cir. 1990); <u>Sistrunk v. City of Strongsville</u>, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

<em>Fair Housing Act<br>42 U.S.C. § 3607(b)</em>

Throughout the body of the complaint, plaintiffs allege the defendants's actions are in violation of 42 U.S.C. §3607(b).  That subchapter states: "Nothing in this subchapter limits the applicability of any reasonable local, State, or Federal restrictions regarding the maximum number of occupants permitted to occupy a dwelling. Nor does any provision in this subchapter regarding familial status apply with respect to housing for older persons." 42 U.S.C. § 3607(b). The first subchapter in the section addresses an exemption for religious organizations and privates clubs, which provides, in part:

> Nothing in this subchapter shall prohibit a religious organization, association, or society, or any nonprofit institution or organization operated, supervised or controlled by or in conjunction with a religious organization, association, or society, from limiting the sale, rental or occupancy of dwellings which it owns or operates for other than a commercial purpose to persons of the same religion, or from giving preference to such persons, unless membership in such religion is restricted on account of race, color, or national origin. Nor shall anything in this subchapter prohibit a private club not in fact open to the public, which as an incident to its primary purpose or purposes provides lodgings which it

---

(...continued)
1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 608-09 (6th Cir. 1997); <u>Spruytte v. Walters</u>, 753 F.2d 498, 500 (6th Cir. 1985), <u>cert. denied</u>, 474 U.S. 1054 (1986); <u>Harris v. Johnson</u>, 784 F.2d 222, 224 (6th Cir. 1986); <u>Brooks v. Seiter</u>, 779 F.2d 1177, 1179 (6th Cir. 1985).

-4-

(4:10 CV 799)

> owns or operates for other than a commercial purpose, from
> limiting the rental or occupancy of such lodgings to its members
> or from giving preference to its members.

42 U.S.C. § 3607(a).  While this section may have some relevance to the plaintiffs' tenancy at

Tod's Crossing, there are no facts alleged in the complaint which state any violation of this

statute.

*Civil Rights Act*
*42 U.S.C. § 2000d*

Under Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, it states:

> No person in the United States shall, on the ground
> of race, color, or national origin, be excluded from
> participation in, be denied the benefits of, or be
> subjected to discrimination under any program or
> activity receiving Federal financial assistance.

42 U.S.C. § 2000d.  The term "program or activity" and the term "program" mean all of "the

operations of– . . .  an entire corporation, partnership, or other private organization, or an entire

sole proprietorship–." 42 U.S.C.A. § 2000d-4a(3)(A).  Other than the fact that the defendant

appears to be a private organization, the plaintiffs have failed to otherwise allege any facts which

state a claim under § 2000d.

Even if plaintiffs fall within a protected class under § 2000d, something they have

not alleged, they have not stated any direct injury as a result.  Their conclusory allegations of

mistreatment are not sufficient to state a § 2000d violation.  Legal conclusions alone are not

sufficient to present a valid claim, and this Court is not required to accept unwarranted factual

inferences.  Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v.

Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not be sufficient to state cause

-5-

(4:10 CV 799)

of action under Civil Rights Act if its allegations are but conclusions).  While they state other building tenants have allegedly been evicted for complaining, they do not allege they have been "denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance" simply because of their race.  The allegations of mistreatement based on race are references to other tenants.  If these acts did occur, the plaintiffs lack standing to seek relief based on injuries they never suffered.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 90  (1998) (" 'a court is bound to ask and answer [a jurisdictional question] for itself, even when not otherwise suggested' ")

Finally, there is no statement or reference in the complaint that sets forth a valid federal claim. Principles requiring generous construction of pro se pleadings are not without limits.  Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments.  Id. at 1278.  To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  Id. at 1278.

*Supplemental Jurisdiction*

The defendants have filed a counterclaim against plaintiffs alleging the Williamses have failed to pay rent since April 2010.  This is a matter for which there is clearly a state law remedy.  See OHIO REV. CODE § 5321.03.   As noted above, the plaintiffs have failed to state a claim for federal relief.  While dismissal of ancillary state-law claims when the federal-law

-6-

(4:10 CV 799)

claims are no longer part of the case is "not mandatory," Eastman v. Marine Mech. Corp., 438 F.3d 544, 551 (6th Cir.2006), this Court declines to retain supplemental jurisdiction over defendants' counterclaim for unpaid rent. See 28 U.S.C. § 1367(a)(federal courts have power to exercise supplemental jurisdiction over the state law claims when the federal court has original jurisdiction and state law claims "form part of the same case or controversy."); City of Chicago v. International Bd. of Surgeons, 522 U.S. 156 (1997).

*Conclusion*

Accordingly, plaintiffs' Motion to Proceed In Forma Pauperis is granted and this action is dismissed under section 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

June 25, 2010                          s/ David D. Dowd, Jr.
DATE                                   DAVID D. DOWD, JR.
                                       UNITED STATES DISTRICT JUDGE

---

[3]      28 U.S.C. § 1915(a)(3) provides:

   An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

-7-